UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                              Plaintiff

v.                                                    Criminal Action No. 3:18CR-34-RGJ

JEJUAN L. BRADSHAW                                                   Defendant

\* \* \* \* \*

### MEMORANDUM OPINION & ORDER

This matter comes before the Court on Defendant, JeJuan L. Bradshaw's, Motion to Suppress. Defendant filed his Motion to Suppress on June 5, 2018. [DN 15]. After filing a motion for continuance, Plaintiff, the United States of America filed a response to the Motion to Suppress. [DN 21]. On September 11, 2018, a suppression hearing was held. Subsequently, Plaintiff filed a post-hearing response to the Motion to Suppress [DN 29], and Defendant filed a post-hearing memorandum. [DN 30]. On November 30, 2018, United States Magistrate Judge Colin Lindsay issued a Findings of Fact, Conclusions of Law, and Recommendation ("R&R") on the remaining issues, recommending that the Motion to Suppress be denied. [DN 32]. Objections were timely filed by Defendant. [DN 33]. These matters are now ripe for adjudication.

For the reasons set forth below, the Court **OVERRULES** Defendant's Objections [DN 33], **ACCEPTS** Magistrate Judge Lindsay's R&R without modification [DN 32] and **DENIES** Defendant's Motion to Suppress [DN 15].

### DISCUSSION

Mr. Bradshaw objects to both the R&R's factual findings and legal analysis. [DE 33]. Mr. Bradshaw objects to the R&R's factual findings on grounds that it incorrectly states that Mr. Bradshaw was the only person in the area when police arrived at Hibbett Sports and that the

1

officers witnessed him leaving the scene of the alarm. Mr. Bradshaw also objects to the R&R's legal analysis and conclusions, asserting that the stop was unconstitutional because the officers lacked reliable information regarding the "type of criminal activity afoot" and information "to specifically identify Mr. Bradshaw as the perpetrator." [DN 33, at 135].

## A. Standard Of Review.

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Criminal Procedure 59(b)(1), a district court may refer a motion to suppress to a magistrate judge to conduct an evidentiary hearing, if necessary, and submit proposed findings of fact and recommendations for the disposition of the motion. This Court must "make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b)(3). After reviewing the evidence, the Court is free to accept, reject, or modify the proposed findings or recommendations of the magistrate judge. *Id.* Moreover, the Court need not review, under a *de novo* or any other standard, those aspects of the report and recommendation to which no specific objection is made. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Rather, the Court may adopt the findings and rulings of the magistrate judge to which no specific objection is filed. *Id.* at 151.

## B. Mr. Bradshaw's Objections To The Findings Of Fact Contained In The R&R.

Mr. Bradshaw objects to Magistrate Judge Lindsay's characterization of the following facts: (1) "that Mr. Bradshaw 'was the only person in the area'" [DN 33, at 137]; and (2) "that Mr. Bradshaw 'was leaving the scene of an alarm.'" [*Id.*]. The R&R states Bradshaw was the only pedestrian in the area.[1] [DE 32, at 129, citing Sept. 11, 2018 Tr. 19, 31]. It also states that the

---

[1] The R&R also noted that the "the prosecution argues…that Bradshaw was the only person in the area." [DE 32, at 130]. This was not the Magistrate Judge's finding of fact, but merely restating an argument being made by the United States.

officers encountered one moving vehicle as they approached the store from across a large parking lot, but that the moving vehicle was at the other end of the parking lot opposite the store. [*Id*. citing DE 23, Def.'s Exh. 1 1:54]. The officers then encountered Mr. Bradshaw walking a few feet from the store. [*Id*. citing DE 23, Def.'s Exh. 1 2:26]. Having reviewed Officer Gadegaard's testimony, the Court finds that the R&R correctly reflects the fact that Mr. Bradshaw was the only pedestrian the officers saw as they arrived at the scene. [DE 32, Sept. 11, 2018 Tr. 19, 30-31]. Additionally, the record shows that although Mr. Bradshaw did not enter Hibbett Sports the morning of the stop, police witnessed him walking away from the general vicinity of the store through a field located directly behind Hibbett Sports. [DE 32, Sept. 11, 2018 Tr. 18-19]. Therefore, the R&R's statement that Mr. Bradshaw "was leaving the scene of an alarm" is a fair characterization of the facts. Accordingly, the Court overrules Mr. Bradshaw's objections to the findings of fact contained in the R&R. As such, the R&R's factual findings are incorporated by reference and relied on as true for purposes of discussing Mr. Bradshaw's objection to Magistrate Judge Lindsay's legal analysis.

### C. Mr. Bradshaw's Objection To The Legal Analysis Contained In The R&R.

Mr. Bradshaw objects to Magistrate Judge Lindsay's finding that the police officers had reasonable suspicion to stop Mr. Bradshaw outside Hibbett Sports. [DN 33, at 135]. Mr. Bradshaw argues that the stop was unconstitutional because of "[t]he lack of reliable information available to the officers" regarding "whether there was any type of criminal activity afoot ***and*** the information known to specifically identify Mr. Bradshaw as the perpetrator." [*Id.*]. This objection is identical to the arguments made by the Defendant in his Motion to Suppress and his post-hearing Memorandum. [*See* DN 15, 30].

An "objection . . . that merely reiterates arguments previously presented, does not adequately identify alleged errors on the part of the magistrate judge." *Altyg v. Berryhill*, No. 16-

11736, 2017 WL 4296604, at *1 (E.D. Mich. Sept. 28, 2017). Therefore, Mr. Bradshaw's general objection and repetition of the arguments previously made in his Motion to Suppress and Memorandum is insufficient to qualify as an objection. Accordingly, the Court need not conduct a *de novo* review of the Magistrate Judge's report with regard to Mr. Bradshaw's objection. *Ells v. Colvin*, No. 3:16-CV-00604-TBR, 2018 WL 1513674, at *2 (W.D. Ky. Mar. 27, 2018).

However, even if the Court were to consider the merits of this objection and conduct a *de novo* review, the R&R is well-reasoned on this issue. A brief investigatory stop is constitutional if it is "supported by reasonable suspicion to believe that criminal activity may be afoot." *United States v. Arvizu*, 534 U.S. 266, 273 (2002) (internal quotations omitted). Reasonable suspicion is not determined by a "neat set of legal rules," rather, courts must analyze the "'totality of the circumstances' of each case to see whether the detaining officer has a particularized and objective basis for suspecting legal wrongdoing." *Id.* "Reasonable suspicion entails some minimal level of objective justification for making a stop—that is, something more than a . . . 'hunch,' but less than the level of suspicion required for probable cause." *United States v. Sokolow,* 490 U.S. 1, 2 (1989).

The Court agrees with Magistrate Judge Lindsay's finding that *United States v. Moore* and *United States v. McMillian* are analogous to the instant case. [DN 32, at 132]. In *Moore*, a combination of factors created a reasonable suspicion that the defendant was involved in criminal activity. *United States v. Moore,* 817 F.2d 1105, 1107 (4th Cir. 1987). Notably, the police officer was responding to a silent alarm when he witnessed the defendant close to the building in question. *Id.* It was late at night, the defendant was moving away from the building, and he was the only person in the area. *Id.* Additionally, the court rejected the defendant's argument that the stop was unconstitutional because the police office was "not certain that any crime had actually occurred" on the basis that an officer is "not constitutionally required to be certain that a crime has occurred

4

when he makes a stop." *Id.* However, the court emphasized that the burglar alarm had provided the officer with a reasonable basis to believe criminal activity had occurred. *Id.*

Similarly, in *McMillian*, police had reasonable suspicion to stop the defendant when they responded to a report of an ongoing breaking-and-entering, noticed McMillian standing in front of the home where the alleged criminal activity occurred, and he began walking away from the home towards the officers. *United States v. McMillian*, 739 F.3d 943, 944 (6th Cir. 2014). As noted in the R&R, "[t]he stops in *McMullin* and *Moore* were constitutional because they were swift responses to reliable reports of criminal activity." [DN 32, 132].

In this case, the totality of the circumstances provided Officers Gadegaard and Bottoms with reasonable suspicion to believe that Mr. Bradshaw was involved in criminal activity. The holdup alarm provided a reasonable basis for the officers to believe that criminal activity had occurred at Hibbett Sports. When the police arrived at the scene, Mr. Bradshaw was the only pedestrian in the area. Moreover, he was several feet away from Hibbett Sports and was walking away from the store through a field directly behind the building. Based on these facts, the officers had a particularized and objective basis for suspecting that Mr. Bradshaw was involved in criminal activity. Accordingly, the stop was constitutional.

## <u>CONCLUSION</u>

For the reasons stated herein, **IT IS ORDERED** as follows:

(1)     The **Report** and **Recommendation** of the United States Magistrate Judge, [DN 32], is accepted **without modification** as the findings of fact and conclusions of law of this Court;

(2)     Defendant's Objections, [DN 33], are overruled as set forth herein;

(3)     Defendant's Motion to Suppress, [DN 15], is **DENIED**; and

(4)    This matter is scheduled for a **Status Conference** on **January 30, 2019 at 1:30 p.m.** The Defendant shall be present for the conference and the parties shall be prepared to schedule the case for trial at that time.